KESSNER UMEBAYASHI BAIN & MATSUNAGA
Attorneys at Law - A Law Corporation

ELTON JOHN BAIN                    2443-0
ANDREW A. CHENG              6696-0
19th Floor, Central Pacific Plaza
220 South King Street
Honolulu, Hawaii  96813
Telephone:  (808) 536-1900
Attorneys for Defendant
PB LOADER MANUFACTURING
CORPORATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, INC. | CIVIL NO. 06-00450 SPK LEK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DEFENDANT PB LOADER MANUFACTURING, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |
| vs. | |
| PETERBILT MOTORS COMPANY, a Division of PACCAR, INC., a Delaware corporation; PB LOADER MANUFACTURING CORPORATION, INC., a California corporation; JOSEPH SANTI dba SONORA TRUCK EQUIPMENT; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | |
| Defendants. | |

FINDINGS AND RECOMMENDATIONS TO
DEFENDANT PB LOADER MANUFACTURING, INC.'S
PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

I.    FINDINGS

The instant case involves a subrogation action arising out of Plaintiff FIRST INSURANCE COMPANY OF HAWAII, LTD. ("Plaintiff")'s payment to its insured HT&T Hawaii LLC ("HT&T") for losses sustained as a result of fire damage to a truck sold to HT&T by Defendant PETERBILT MOTORS COMPANY, a Division of PACCAR, INC. ("Peterbilt").  PB Loader installed the dump body and front loader of the truck.  Defendant JOSEPH SANTI dba SONORA TRUCK EQUIPMENT ("STE") transported and performed rustproofing and other work on the truck.  Defendants are mainland companies and jurisdiction is based on diversity.

Plaintiff has made claims against Defendants for breach of contract, breach of warranties, breach of implied warranty of merchantability, breach of implied warranty of fitness for intended purpose, res ipsa loquitur and strict products liability.  The Defendants have filed cross-claims against each other.

The parties have agreed to enter a settlement rather than proceed with litigation and trial.  Under the settlement, the material terms of which were stated

on the record with the Court on June 22, 2007, PB Loader will pay $100,000 and Peterbilt will pay $25,000 in exchange for a release and dismissal of all claims with prejudice.  STE will also be dismissed with prejudice without payment of any consideration.

On July 2, 2007, Defendant PB Loader PB Loader filed a Petition for Determination of Good Faith Settlement requesting that the Court determine that the settlement reached among the parties to be a "good faith" settlement pursuant to Hawaii Revised Statutes Section 663-15.5.  Under H.R.S. Sec. 663-15.5, the effect of a judicial determination of the good faith of a settlement agreement is that the release shall 1) not discharge any other party not released from liability unless specifically set forth therein, 2) reduce releasors' recovery against all other joint tortfeasors or co-obligors by the amount stipulated by the release, or in the amount of the consideration paid for it, whichever is greater, and 3) discharge releasees from all liability for any contribution to any other joint tortfeasor or co-obligors. H.R.S. Sec. 663-15.5(a).

Notice of the Petition was duly provided to the parties and potential joint tortfeasors, co-obligors or interested parties Valley Peterbilt-Turlock, Pasha Freight Systems, and HT&T Truck Center by certified mail with return receipt requested as required by the statute.  Said notice was mailed more than 25 days

before the scheduled August 14, 2007 hearing on the Petition as required by the statute.

The Petition was joined by the parties to the lawsuit, with Peterbilt filing on July 3, 2007 and July 5, 2007 a Substantive Joinder to Defendant PB Loader Manufacturing, Inc.'s Petition for Determination of Good Faith Settlement, Plaintiff filing on July 6, 2007 a Joinder in Defendant PB Loader Manufacturing, Inc.'s Petition for Determination of Good Faith Settlement, and STE filing on July 6, 2007, a Statement in Support of Motion and Substantive Joinder in Motion for Determination of Good Faith Settlement.

On August 13, 2007, the Court issued a notice of electronic filing vacating the August 14, 2007 hearing on the Petition and Joinders on grounds that no opposition had been filed.

II.     RECOMMENDATION

Having considered the written memoranda, affidavits, declarations, exhibits, and the files and proceedings herein, and good cause appearing therefor, IT IS HEREBY RECOMMENDED that the Court **GRANT** Defendant PB Loader's Petition for Determination of Good Faith Settlement and the joinders of the parties herein, and find the settlement of the parties to be a good faith settlement pursuant to H.R.S. Sec. 663-15.5.  As such, the release shall 1) not discharge any other party

not released from liability unless specifically set forth therein, 2) reduce releasors'

recovery against all other joint tortfeasors or co-obligors by the amount stipulated

by the release, or in the amount of the consideration paid for it, whichever is

greater, and 3) discharge releasees from all liability for any contribution to any

other joint tortfeasor or co-obligors.

    DATED:   Honolulu, Hawaii,  August 22, 2007.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**FIRST INSURANCE COMPANY OF HAWAII, INC. V. PETERBILT MOTORS COMPANY, ET AL., CV 06-00450 SPK-LEK; FINDINGS AND RECOMMENDATION TO DEFENDANT PB LOADER MANUFACTURING INC.'S PETITION FOR GOOD FAITH SETTLEMENT**